**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

MARK A. WHITE,  )
                      Movant,  )
                                )
    vs.                             )    No. 1:08-cv-030-LJM-DML
                                )
UNITED STATES OF AMERICA  )

## Entry Discussing Motion to Vacate Closed Judgment
## and Order on Motion for Certificate of Appealability

      Mark White ("White") was convicted of drug and related offenses after trial by jury. *See United States v. Thompson,* 286 F.3d 950, 956 (7th Cir. 2002). His action seeking relief pursuant to 28 U.S.C. § 2255 was dismissed on March 9, 2009, because the court found that it had not been filed within the one-year statute of limitations specified in 28 U.S.C. § 2255(f)(1). *Latham v. United States,* 527 F.3d 651, a 651 (7th Cir. 2008)("A federal prisoner may seek collateral review within one year of 'the date on which the judgment of conviction becomes final.'")(quoting § 2255(f)(1)). Both this court and the Court of Appeals declined to issue a certificate of appealability.

      White's motion to vacate closed judgment and order on motion for certificate of appealability argues that following the issuance of final judgment in the § 2255 action the Supreme Court issued its decision in *Holland v. Florida,* 130 S. Ct. 2549 (2010), and in that decision discussed the principle of equitable tolling based on attorney neglect. White contends that the current view concerning equitable tolling relative to the one-year statute of limitations specified in 28 U.S.C. § 2255(f)(1) could support his claim that the merits of his § 2255 motion should be reached.

      "Rule 60 of the FED. R. CIV. P. regulates the procedure for obtaining relief from final judgments." *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006)(citing *Wesco Prods. Co. v. Alloy Auto. Co.,* 880 F.2d 981, 983 (7th Cir. 1989)). White's motion to vacate closed judgment and order on motion for certificate of appealability is therefore treated as a motion for relief from judgment pursuant to Rule 60(b). *See United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992) ("substantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b).").[1]

---

      [1]The current version of Rule 59 of the *Federal Rules of Civil Procedure* permits a Rule 59(e) motion to be filed within 28 days after the entry of judgment. The same result occurs applying the current 28-day filing period for a Rule 59(e) motion because White's post-judgment motion to proceed was filed two years after the entry of judgment on March 6, 2009.

"A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Med. Faculty Found.,* 273 F.3d 757, 762 (7th Cir. 2001). A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994). It also authorizes relief for "any other reason justifying relief from the operation of the judgment." Rule 60(b), **F.R.Civ.P.**

There are four reasons why White's motion for relief from judgment fails to support the relief he seeks.

- First, the motion was not brought within a reasonable time following the entry of final judgment. *See Berwick Grain Co. v. Illinois Dep't of Agric.,* 189 F.3d 556, 560 (7th Cir. 1999)(a movant has a "reasonable" period of time in which to file a Rule 60(b) motion, subject in some circumstances to a 1-year maximum)(citations omitted).

- Second, the motion does not invoke and is not based on any of the grounds specified for relief in Rule 60(b).

- Third, "[a] change in the law following a judgment does not merit relief under Rule 60(b)(5)." 12 **Moore's Federal Practice** § 60.46[2] at 60-154.1 (3d ed.1997) (emphasis in original) (citing *Lubben v. Selective Serv. Sys. Local Bd. No. 27,* 453 F.2d 645, 650 (1st Cir. 1972) ("It is not sufficient that the prior judgment provides only precedent for the decision.").

- Fourth, even if the court could apply *Holland* to the circumstances of White's § 2255 motion, his position that the doctrine of equitable tolling could apply is unpersuasive. *Griffith v. Rednour,* 2010 WL 2852631, at *3 (7th Cir. July 22, 2010).

White's motion to vacate closed judgment and order on motion for certificate of appealability [34], treated as a motion for relief from judgment, is therefore **denied.**

**IT IS SO ORDERED.**

Date: 04/08/2011

*[signature]*
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Mark White
05671-028
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

gerald.coraz@usdoj.gov